

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

January 3, 1956

Honorable Dallas J. Matthews, Director
Texas National Guard Armory Board
Austin, Texas

Opinion No. S-185

Re: Construction of
Armories.

Dear Mr. Matthews:

You have requested an opinion as to whether the provisions of Article 5159a, Vernon's Civil Statutes, prescribing the wage schedule applicable to public works on behalf of the State and political subdivisions are in conflict with the provisions of the Davis-Bacon Act, 40 U.S.C.A., Section 276a, prescribing the wage schedule applicable to construction of public works on behalf of the Federal Government.

Under the provisions of Article 5159a, the agency of the State awarding a contract is required to determine the prevailing rate of per diem wages and to specify such rate in the contract.

In Texas Highway Commission v. El Paso Building & Construction Trades Council, 149 Tex. 457, 234 S.W.2d 857 (1950), it was held, in construing the provisions of Article 5159a, that "the action of the Highway Commission in determining and ascertaining the 'general prevailing rate of per diem wages' is final and not subject to review by the Courts in this proceeding."

The United States Supreme Court construed the provisions of the Davis-Bacon Act in United States v. Binghamton Construction Co., 347 U.S. 171 (1953):

"The Davis-Bacon Act requires that the wages of workmen on a Government construction project shall be 'not less' than the 'minimum wages' specified in a schedule furnished by the Secretary of Labor. The schedule 'shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing' for corresponding work on similar projects in the area. . . . The correctness of the Secretary's determination is not open to attack on judicial review."

Thus, under the provisions of the Davis-Bacon Act the determination of the prevailing wage rate must be made by the Secretary of Labor, while under the provisions of Article 5159a, the agency of the State awarding the contract must make the determination of the prevailing wage rate.

Section 3 of the National Defense Facilities Act of 1950 (Ch. 945, P.L. 783) provides:

"Subject to the provisions of section 4 of this Act, the Secretary of Defense may; in an amount not to exceed $250,000,000 over a period of the next five fiscal years, after consultation with the respective Armed Services Committees of the Congress- . . .
"(b) contribute to any State such funds as he shall determine to be necessary to expand, rehabilitate, or convert facilities owned by such State to the extent required for the joint utilization of such facilities; and  -
"(c) contribute to any State such funds for the acquisition, construction, expansion, rehabilitation, or conversion by such State of such additional facilities as he shall determine to have been made essential by any increase in strength of the National Guard of the United States or the Air National Guard of the United States."

The first session of the 84th Congress amended the provisions of the National Defense Facilities Act of 1950 by enacting Ch. 662, P.L. 302, adding Section 6(b), which provides:

"'All construction, expansion, rehabilitation, or conversion of facilities in each State pursuant to section 3(b) or 3(c) of this Act shall be done in accordance with the laws of such State and under the supervision of officials of such State, subject to the inspection and approval of the Secretary of Defense.'"

You state that this amendment has been interpreted by the Department of Defense to mean that State laws and procedures control the letting of construction contracts only insofar as such laws are in conflict with Federal statutes and procedures and that the Federal laws apply if there is no such conflict. Accepting this interpretation, the Davis-Bacon Act will apply if it is not in conflict with the State law, but Article 5159a will apply if there is a conflict between these two statutes.

Under the provisions of Article 5159a, the agency of the State in awarding a contract for the construction of National Guard Armories is required to make the determination of the prevailing wage rate. <u>Texas Highway Commission v. El Paso Building & Construction Trades Council, supra</u>.

In Attorney General's Opinion No. MS-179 (1955), this office held that the provisions of Article 5159a apply to the construction of armories by the Texas National Guard Armory Board since such construction is performed pursuant to a contract entered into by an agency of the State of Texas pursuant to the laws of this State for the construction of property belonging to the State of Texas.

In view of the foregoing, you are advised that insofar as the provisions of Article 5159a require the prevailing wage rate to be determined by the agency of the State awarding the contract, its provisions are in conflict with the provisions of the Davis-Bacon Act requiring such wage rate to be determined by the Secretary of Labor and, therefore, Article 5159a controls. Ch. 662, P.L. 302, Acts of the First Session of the 84th Congress, 1955.

## SUMMARY

Article 5159a, Vernon's Civil Statutes, is in conflict with the provisions of the Davis-Bacon Act, 40 U.S.C.A., Section 276a, as applied to the construction of armories by the Texas National Guard Armory Board insofar as its provisions require the prevailing wage rate to be determined by the agency of the State letting the contract, rather than the Secretary of Labor as required by the Davis-

Bacon Act, and Article 5159a controls.
Ch. 662, P. L. 302, Acts of the First
Session of the 84th Congress, 1955.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General of Texas

J. C. Davis, Jr.
County Affairs Division

By *John Reeves*
   John Reeves
    Assistant

Mary K. Wall
Reviewer

Mert Starnes
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

JR:zt